**IN RE: Stephanie DOMITROVICH Judge of the Court of Common Pleas Sixth Judicial District Erie County**

**No. 1 JD 14**

Court of Judicial Discipline of Pennsylvania.

August 31, 2016

Robert A. Graci, Chief Counsel, Judicial Conduct Board

James P. Kleman, Jr., Deputy Counsel

Leonard G. Ambrose, III, Esquire

Before: Honorable Jack A. Panella, P.J., Honorable Robert J. Colville, P.J.E.*, Honorable John J. Soroko, J., Honorable David J. Shrager, J., Honorable David J. Barton, J., Honorable Doris Carson Williams, J.

## ORDER

PER CURIAM

AND NOW, this 31st day of August, 2016, it is hereby ORDERED that pursuant to the Interim Policy Statement/Judi-

---

* President Judge Emeritus Robert J. Colville's term expired on August 16, 2016, however, he

cial Diversion Program, and following a hearing held on August 15, 2016, the charges filed against the Respondent, Stephanie Domitrovich, are hereby dismissed.

Statement of Reasons

1. The Respondent, Stephanie Domitrovich, has been a trial judge for the Court of Common Pleas of Erie County, Sixth Judicial District, since January 2, 1990, having won election to the trial bench in November 1989 and been retained for additional terms of office in 1999 and 2009.

2. In addition to her Juris Doctorate degree from Duquesne University School of Law in 1979, she received a Master of Judicial Studies degree in 1993 from the University of Nevada at Reno in collaboration with The National Judicial College, as well as a Ph.D. (Doctor of Philosophy in Judicial Studies) from the University of Nevada in 2006.

3. The Respondent is a past president of the Pennsylvania Conference of State Trial Judges and a member of American Judges Association.

4. On July 7, 2014, the Judicial Conduct Board filed a Complaint against the Respondent, Stephanie Domitrovich, raising allegations concerning:

(a) Judge Domitrovich's unpleasant treatment both on and off the bench of lawyers and litigants, and also of those who work with her as personal staff or as Erie County employees; and

(b) Allegations concerning Judge Domitrovich's *ex parte* communications regarding matters before her court.

5. The Board also filed a Petition for Interim Suspension on the same date.

6. Argument was held before the entire Court of Judicial Discipline on the Petition for Interim Suspension on October 8, 2014.

continues to participate in this matter pursuant to Internal Operating Procedure § 101.

Following legal argument from representatives of the Board and the Respondent, the Petition for Interim Suspension was denied *en banc* on the same date.

7. Following October 8, 2014, the then President Judge of the Court held conferences with counsel for the Board and the Respondent during which a counseling and mentoring program was discussed. Following the appointment of a conference judge, the conference judge convened additional conferences between the parties on August 14 and 21, 2015. Furthermore, the parties agreed that the Honorable Maureen Lally–Green (retired), a former judge of the Superior Court of Pennsylvania and a certified mediator from the National Judicial College would be an appropriate counselor and mentor for the Respondent.

8. On September 16, 2015, the Court adopted the Judicial Diversion Program/Interim Policy Statement, which is docketed to 1 JD 1994, establishing a judicial diversionary program ("Program").

9. At the time of her entry into the Program, the Respondent had no prior imposition of discipline by this Court or any other court. Furthermore, the Respondent presented with a long history of service as a judge and significant voluntary professional accomplishments, including her professional advancement within the Conference of State Trial Judges, advanced education in the field, and numerous judicial teaching positions.

10. The Court found that the Respondent was appropriate for the Program because the charges against her were caused by alleged underlying personal and professional issues including, but not limited to, her inability to resolve administrative disagreements with other judges and staff and her lack of appropriate and respectful treatment of attorneys and litigants. Further, the charges, if sustained at trial, would be unlikely to result in her removal from the public office to which she had been elected and repeatedly retained.

11. The Court found that the Program would likely eliminate the risk of repeated improper conduct if Respondent were to successfully complete the Program. Moreover, following the aforesaid conferences, the Court was confident that the Respondent would be compliant with the terms of the Program, especially the counseling and mentoring components thereof.

12. On September 17, 2015, the Court appointed Judge Lally–Green as counselor and mentor to work with the Respondent in accordance with the Program plan agreed to by the Board and the Respondent.

13. The terms of the Program specific to Respondent's case required counseling and mentoring by Judge Lally–Green; the monitoring of the Respondent's judicial responsibilities in Erie County; and the Respondent's participation in judicial education including the review of materials designed to assist judges in proper court demeanor and treatment of attorneys and litigants.

14. Judge Lally–Green addressed the following areas of concern as outlined in the September 17th order:

(1) Appropriate and effective case management;

(2) Appropriate and effective communications; and

(3) Effective conflict resolution strategies.

15. During the course of the Program, Judge Lally–Green reported on a monthly basis that the Respondent was conscientiously complying with the diversion plan, demonstrating her readiness to work with the mentor, and improving her judicial and leadership capabilities.

16. Although the Program was intended to conclude in February 2016, the Conference Judge, in light of the allegations regarding the treatment of litigants, extended the Program for another six months to monitor Respondent's subsequent judicial performance. This was done although no negative reports had been received from Judge Lally–Green who had, by February, advised the Court that the Respondent had successfully and diligently fulfilled all components of the Program.

17. In June 2016, Judge Lally–Green again advised the Court that the Respondent had successfully completed all aspects of the Program, and recommended that the Program be terminated and the Respondent discharged from supervision. In her final report to this Court, Judge Lally–Green stated:

> Throughout this process, the [Respondent] has had an excellent focus on the purpose of this process and has participated with a positive, forward-thinking and most-sincere attitude. In all respects, the Judge willingly, intelligently, professionally, competently and completely addressed these areas.

18. Judge Lally–Green specifically addressed the following troublesome areas with the Respondent:

1. Appropriate and Effective Case Management;

2. Appropriate and Effective Communication Means With Other Judges, Court Staff, County Employees and Litigants; and

3. Effective Conflict Resolution Strategies for Stressful In–Court or Out–Of–Court Situations.

19. It was reported to the Court that the Respondent:

> [U]sed her best efforts to: read and study the identified materials; she engaged in good faith discussion about the materials and their application to her judicial work; and developed for herself, in writing, concrete ways to incorporate relevant case management, communications and conflict resolution strategies into her judicial approach.

20. Prior to the August 15, 2016 hearing the Court requested that the Board confirm the recommendations of Judge Lally–Green with the President Judge of Erie County.

21. At the August 15, 2016 hearing the Board confirmed that the President Judge of Erie County and the Respondent's Administrative Judge agreed with the recommendations of Judge Lally–Green.

22. The Court of Judicial Discipline finds that the Respondent has acknowledged the basis for the Complaint and successfully complied with all phases of the Program. The Respondent has assured the Court, through her agreement and her conduct that her future judicial performance will result in diligent and respectful judicial services to the Commonwealth.

Therefore, the Court has entered an Order dismissing the charges.